# EXHIBIT D

FILED

2020 May-18  AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| C & H MANAGEMENT GROUP, LLC, | * | |
| and ATTENTIVE HEALTH & | * | |
| WELLNESS, LLC, | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.: 4:19-cv-01066-CLM |
| | * | |
| JEROME DELUCCIO, | * | |
| DAVID COFFEY, and | * | |
| ENHANCEDCARE, INC., | * | |
| Defendants. | * | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH
COUNTERCLAIM BY ENHANCEDCARE, INC.**

Defendants Jerome DeLuccio, David Coffey, and Enhancedcare, Inc. answers the

Amended Complaint [Doc.21] of Plaintiffs C & H Management Group, LLC, and Attentive Health

& Wellness, LLC as follows:

**PARTIES**

1. Defendants admit C & H Management Group, LLC is an Alabama limited liability company

   with its principal place of business in Guntersville, Alabama but otherwise deny the remaining

   allegations of paragraph 1 of the Amended Complaint and demand strict proof thereof.

2. Defendants admit Attentive Health & Wellness, LLC is an Alabama limited liability company

   with its principal place of business in Guntersville, Alabama formed on about September 14,

   2018 but otherwise deny the remaining allegations of paragraph 2 of the Amended Complaint

   and demand strict proof thereof.

3. Defendants admit the allegations of paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations of paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations of paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6. Defendants admit that C & H Management Group, LLC and Enhancedcare, Inc. were parties to the Agent/Broker Sales Agreement, admit that Exhibit A is a copy of that agreement, and further admit the agreement contains the referenced venue provision. Defendants admit that Attentive Health & Wellness, LLC and Enhancedcare, Inc. were parties to the "Addendum," admit that Exhibit D is a copy of that "Addendum," and admit the "Addendum" did not have a new or different venue provision. Defendants otherwise deny the remaining allegations of paragraph 6 of the Amended Complaint and demand strict proof thereof.

7. Defendants admit that C & H Management Group, LLC and Enhancedcare, Inc. were parties to the Confidentiality, Non-Competition, and Non-Disclosure Agreement, admit that Exhibit B is a copy of that agreement, and further admit the agreement contains the referenced venue provision. Defendants otherwise deny the remaining allegations of paragraph 7 of the Amended Complaint and demand strict proof thereof.

8. Defendants admit that Plaintiffs and Defendants are citizens of different states. Defendants admit this Court has subject matter jurisdiction over any claim arising under a federal statute. Defendants otherwise deny the remaining allegations of paragraph 8 of the Amended Complaint and demand strict proof thereof.

9. Defendants deny the allegations of paragraph 9 of the Amended Complaint and demand strict proof thereof.

## FACTS

10. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 10 of the Amended Complaint and demand strict proof thereof.

11. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 11 of the Amended Complaint and demand strict proof thereof.

12. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny that C & H Management Group, LLC ever possessed a valid copyright to any materials or documents. Defendants deny that Attentive Health & Wellness, LLC was the author of anything published in July 2018 because Attentive Health & Wellness, LLC was not in existence until September 14, 2018. Defendants admit that what purports to be a certificate of registration dated June 3, 2019 is attached as Exhibit C to the Amended Complaint. Defendants otherwise deny the remaining allegations of paragraph 12 of the Amended Complaint and demand strict proof thereof.

13. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 13 of the Amended Complaint and demand strict proof thereof.

14. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants admit that C & H Management Group, LLC and Enhancedcare, Inc. were parties to the Agent/Broker Sales Agreement, admit that Jerome DeLuccio signed the agreement as Enhancedcare, Inc.'s CEO, and admit that Exhibit A is a copy of that agreement. Defendants otherwise deny the remaining allegations of paragraph 14 of the Amended Complaint and demand strict proof thereof.

15. Defendants admit that C & H Management Group, LLC and Enhancedcare, Inc. were parties to the Confidentiality, Non-Competition, and Non-Disclosure Agreement, admit that Jerome

DeLuccio signed the agreement as Enhancedcare, Inc.'s President, and admit that Exhibit B is a copy of that agreement. Defendants otherwise deny the remaining allegations of paragraph 15 of the Amended Complaint and demand strict proof thereof.

16. Defendants admit that C & H Management Group, LLC and Enhancedcare, Inc. were parties to the Confidentiality, Non-Competition, and Non-Disclosure Agreement and admit that Exhibit B is a copy of that agreement. Defendants otherwise deny the remaining allegations of paragraph 16 of the Amended Complaint and demand strict proof thereof.

17. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 17 of the Amended Complaint and demand strict proof thereof.

18. Defendants admit that Attentive Health & Wellness, LLC and Enhancedcare, Inc. were parties to the "Addendum" and admit that Exhibit D is a copy of that "Addendum." Defendants admit that Attentive Health & Wellness, LLC and Enhancedcare, Inc. were parties to the "Software As A Service (SAAS) Partner Agreement" and admit that Exhibit E is a copy of that agreement. Defendants otherwise deny the remaining allegations of paragraph 18 of the Amended Complaint and demand strict proof thereof.

19. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 19 of the Amended Complaint and demand strict proof thereof.

20. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 20 of the Amended Complaint and demand strict proof thereof.

21. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 21 of the Amended Complaint and demand strict proof thereof.

22. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 22 of the Amended Complaint and demand strict proof thereof.

23. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 23 of the Amended Complaint and demand strict proof thereof.

24. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 24 of the Amended Complaint and demand strict proof thereof.

25. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 25 of the Amended Complaint and demand strict proof thereof.

### COUNT I

26. Defendants incorporate by reference and restate their responses to paragraphs 1 to 25 of the Amended Complaint in response to paragraph 26 of the Amended Complaint.

27. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants admit that C & H Management Group, LLC and Enhancedcare, Inc. were parties to the Agent/Broker Sales Agreement and parties to the Confidentiality, Non-Competition, and Non-Disclosure

Agreement. Defendants otherwise deny the remaining allegations of paragraph 27 of the Amended Complaint and demand strict proof thereof.

28. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 28 of the Amended Complaint and demand strict proof thereof.

29. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 29 of the Amended Complaint and demand strict proof thereof.

30. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 30 of the Amended Complaint and demand strict proof thereof.

## COUNT II

31. Defendants incorporate by reference and restate their responses to paragraphs 1 to 25 of the Amended Complaint in response to paragraph 31 of the Amended Complaint.

32. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 32 is a legal conclusion and not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 32 of the Amended Complaint and demand strict proof thereof.

33. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 33 of the Amended Complaint and demand strict proof thereof.

34. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 34 of the Amended Complaint and demand strict proof thereof.

35. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 35 of the Amended Complaint and demand strict proof thereof.

### COUNT III

36. Defendants incorporate by reference and restate their responses to paragraphs 1 to 25 of the Amended Complaint in response to paragraph 36 of the Amended Complaint.

37. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 37 is a legal conclusion and not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 37 of the Amended Complaint and demand strict proof thereof.

38. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 38 is a legal conclusion and not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 38 of the Amended Complaint and demand strict proof thereof.

39. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 39 of the Amended Complaint and demand strict proof thereof.

40. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of

paragraph 40 of the Amended Complaint and all subparagraphs and demand strict proof thereof.

41. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 41 of the Amended Complaint and demand strict proof thereof.

## COUNT IV

42. Defendants incorporate by reference and restate their responses to paragraphs 1 to 25 of the Amended Complaint in response to paragraph 42 of the Amended Complaint.

43. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 43 of the Amended Complaint and demand strict proof thereof.

44. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 44 of the Amended Complaint and demand strict proof thereof.

45. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 45 of the Amended Complaint and demand strict proof thereof.

46. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 46 of the Amended Complaint and demand strict proof thereof.

## COUNT V

47. Defendants incorporate by reference and restate their responses to paragraphs 1 to 25 of the Amended Complaint in response to paragraph 47 of the Amended Complaint.

48. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 48 is a legal conclusion and not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 48 of the Amended Complaint and demand strict proof thereof.

49. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 49 of the Amended Complaint and demand strict proof thereof.

50. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 50 of the Amended Complaint and demand strict proof thereof.

51. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 51 of the Amended Complaint and demand strict proof thereof.

52. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 52 of the Amended Complaint and demand strict proof thereof.

53. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 53 is a legal conclusion and not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 53 of the Amended Complaint and demand strict proof thereof.

54. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 54 is a legal conclusion and

not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 54 of the Amended Complaint and demand strict proof thereof.

55. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 55 is a legal conclusion and not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 55 of the Amended Complaint and demand strict proof thereof.

56. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Paragraph 56 is a legal conclusion and not a factual allegation. To the extent a response is required, Defendants deny the allegations of paragraph 56 of the Amended Complaint and demand strict proof thereof.

## COUNT VI

57. Defendants incorporate by reference and restate their responses to paragraphs 1 to 25 of the Amended Complaint in response to paragraph 57 of the Amended Complaint.

58. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 58 of the Amended Complaint and demand strict proof thereof.

59. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 59 of the Amended Complaint and demand strict proof thereof.

60. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 60 of the Amended Complaint and demand strict proof thereof.

61. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 61 of the Amended Complaint and demand strict proof thereof.

62. Defendants object to the confusion and lack of clarity created by the use of the term "Attentive" to refer to two separate and distinct corporate entities. Defendants deny the allegations of paragraph 62 of the Amended Complaint and demand strict proof thereof.

63. Defendants deny all allegations of the Amended Complaint not expressly admitted and demand strict proof thereof. Defendants also deny Plaintiffs are entitled to any of the relief or damages requested in the "Prayer for Relief" that follows Count VI of the Amended Complaint.

*AFFIRMATIVE DEFENSES*

Defendants hereby state the following affirmative defenses to the Amended Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendants further reserve the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. The Amended Complaint fails to state any claim upon which relief can be granted in favor of C & H Management Group, LLC against any Defendant.

2. The Amended Complaint fails to state any claim upon which relief can be granted in favor of Attentive Health & Wellness, LLC against any Defendant.

3. Defendants aver C & H Management Group, LLC lacks standing to sue for some or all claims asserted in the Amended Complaint and lacks standing to receive some or all of the relief requested by the Amended Complaint.

4.      Defendants aver Attentive Health & Wellness, LLC lacks standing to sue for some or all claims asserted in the Amended Complaint and lacks standing to receive some or all of the relief requested by the Amended Complaint.

5.      Defendants plead all relevant statutes of limitations.

6.      Defendants plead incorrect venue or the existence of a more convenient venue.

7.      The individual defendants plead lack of personal jurisdiction.

8.      Defendants plead novation of one more contracts alleged by Plaintiffs.

9.      Defendants plead prior breach of contract by one or both Plaintiffs.

10.     Defendants aver one or both Plaintiffs took actions making Enhancedcare's performance impossible or impractical.

11.     Defendants aver to the extent C & H Management Group, LLC seeks recovery based upon any contract, the recovery sought by C & H Management Group, LLC is and was contrary to the relevant contract terms and provisions.

12.     Defendants aver to the extent C & H Management Group, LLC seeks recovery based upon any contract, one or more contractual conditions precedent to bringing this action were not and have not been met or were violated by C & H Management Group, LLC.

13.     Defendants aver to the extent Attentive Health & Wellness, LLC seeks recovery based upon any contract, the recovery sought by Attentive Health & Wellness, LLC is and was contrary to the relevant contract terms and provisions.

14.     Defendants aver to the extent Attentive Health & Wellness, LLC seeks recovery based upon any contract, one or more contractual conditions precedent to bringing this action were not and have not been met or were violated by Attentive Health & Wellness, LLC.

15. One or more of Plaintiffs' claims for relief are barred or reduced because Defendants were justified in engaging in conduct alleged in the Amended Complaint.

16. One or more of Plaintiffs' claims for relief are barred or reduced because Defendants were privileged in engaging in conduct alleged in the Amended Complaint.

17. One or more of Plaintiffs' claims for relief are barred or reduced because Defendants were excused to perform conduct alleged in the Amended Complaint.

18. One or more of Plaintiffs' claims for relief are barred or reduced because Defendants' conduct was in good faith with non-willful intent.

19. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, or estoppel.

20. Defendants alleges any recovery by one or both Plaintiffs may be or is barred by any failure to mitigate damages or any recovery must be reduced by any damages one or both Plaintiffs failed to mitigate.

21. Defendants aver that neither Plaintiff has a valid copyright as alleged in the Amended Complaint, nor can either Plaintiff obtain a valid copyright, because the alleged material does not contain or consists of copyrightable or original subject matter.

22. Defendants aver Plaintiffs' copyright claims fail because of Plaintiffs' noncompliance with relevant statutory provisions.

23. Defendants aver C & H Management Group, LLC's copyright claims fail because C & H Management Group, LLC never registered any purported copyrightable materials.

24. Defendants aver Plaintiffs' copyright claims fail because Attentive Health & Wellness, LLC committed fraud on the government claiming to have published works when Attentive Health & Wellness, LLC was not in existence.

25. Defendants aver Plaintiffs' copyright claims fail because registration of the alleged work was not made in the name of the copyright owner before Defendants' alleged infringing actions, if any there were.

26. Defendants aver Plaintiffs' copyright claims fail because there were no documents executed showing that ownership of the alleged copyright had been recorded at the relevant times before Defendants' alleged infringing actions, if any there were.

27. Defendants aver Plaintiffs' copyright claims fail because the alleged copyrighted materials were not properly registered and there was no compliance with the deposit requirements of Sections 407 and 408 of Title 17 of the United States Code.

28. Defendants aver Plaintiffs' copyright claims fail because the alleged copyrighted materials provided to Defendants, if any there were, contained no copyright notice as required by the Copyright Act of 1976.

29. Defendants aver Plaintiffs' copyright claims fail because the alleged copyrighted materials were not published.

30. Defendants aver Plaintiffs' copyright claims fail due to the substantial similarity between allegedly copyrighted work and prior work in the public domain.

31. Defendants aver Plaintiffs' copyright claims fail because Defendants' work was an independent creation.

32. Defendants aver Plaintiffs' copyright claims fail because Defendants' use of copyrighted work, if any there was, was "fair use."

33. Defendants aver that Plaintiffs cannot assert "copyright" for any idea, system, procedure, process, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in a work.

34.    Defendants aver that any work or materials claimed to be "trade secrets" which Plaintiffs deposited with government authorities in compliance with the deposit requirements of Sections 407 and 408 of Title 17 of the United States Code were disclosed to public view and accordingly ceased to qualify as "trade secrets."

35.    Defendants aver that the imposition of punitive damages against it in this action, without sufficient guidelines as to the proper circumstances for an award or for the amount of an award, would violate the due process guarantees of the federal and state Constitutions. An award of punitive damages in this case would violate the due process clause of the United States Constitution and of the Constitution of the State of Alabama.

36.    Defendants are entitled to the benefits and limitations of the Alabama Tort Reform Statutes, including, but not limited to, the Punitive Damages Act and all applicable caps on punitive damages.

37.    Defendants aver because the Amended Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent such affirmative defenses apply.

WHEREFORE, Defendants request that the Court enter a judgment in favor of Defendants and against Plaintiffs with regard to all of Plaintiffs' claims, to award Enhancedcare its reasonable attorneys' fees as the prevailing party, to award Defendants costs of this action, and to grant such other relief as this Court deems appropriate under the circumstances.

## COUNTERCLAIM BY ENHANCEDCARE, INC.

1. Enhancedcare, Inc. is a Delaware corporation with its principal place of business in Rochester, New York.

2. C & H Management Group, LLC is an Alabama limited liability company with its principal place of business in Guntersville, Alabama. The members of C & H Management Group, LLC are resident citizens of Alabama. C & H Management Group, LLC at times did business under the name "Attentive Health & Wellness" or otherwise did business under the name "Attentive Health & Wellness."

3. Attentive Health & Wellness, LLC is an Alabama limited liability company with its principal place of business in Guntersville, Alabama. The members of Attentive Health & Wellness, LLC are resident citizens of Alabama. Attentive Health & Wellness, LLC formed on about September 14, 2018. On information and belief, C & H Management Group, LLC asserts that it assigned rights and obligations under contracts to Attentive Health & Wellness, LLC at some point.

4. This Court has original and supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1332. This counterclaim seeks monetary damages in excess of the sum or value of $75,000. The parties to the counterclaim are citizens of different states.

5. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b).

6. Prior to entering into business with C & H Management Group, LLC in 2017, and continuing to the present, Enhancedcare created, provides, and markets a comprehensive wellness management program in the form of an interactive health risk assessment and health and wellness management program, including medical services and extensive coaching for end use participants, as well as a self-insured employer sponsored wellness

program ("Services"). As part of the Services, the plan or program generates reports and recommended plans of action, as well as educational materials, based on information that an end user participant enters into the system.

7. On information and belief, C & H Management Group, LLC d/b/a "Attentive Health & Wellness" and Attentive Health & Wellness, LLC, either individually or collectively or in succession provided at relevant times employer-sponsored workplace wellness programs in connection with benefits packages provided by the employer.

8. On June 1, 2017, C & H Management Group, LLC and Enhancedcare, Inc. entered into Agent/Broker Sales Agreement. In this contract C & H Management Group, LLC was designated as "AHW," and Enhancedcare was designated as "Broker." Exhibit A to the Amended Complaint [Doc.21-1] is a copy of the agreement. On information and belief, C & H Management Group, LLC assigned or transferred rights and obligations under this contract to Attentive Health & Wellness, LLC.

9. The Agent/Broker Sales Agreement stated that Enhancedcare was to be "compensated at a rate of $40 Per Employee Per Month (PEPM) on all lives sold the Attentive Health & Wellness program. Rate will continue as long as the employee is on the Attentive wellness program … Payments for these services will be separately billed to AHW and pulled via ACH on the 5th of each month after the initial effective month …." [Doc. 21-1, page 8]

10. The Agent/Broker Sales Agreement further stated that it would remain in force until terminated pursuant to the methods stated in Paragraph V. [Doc. 21-1, pages 2, 3] The contract further provided that termination "shall not relieve any party of any obligations that it should have performed prior to the date the agreement is terminated." [*Id.* page 2] The contract further provided that "[i]n cases of termination from either party, both parties

will continue to supply the support and services outlined in this agreement for all existing clients until the end of the clients contract, and all compensation as outlined in 'A' will apply until those client obligations are fulfilled." [*Id.* page 4]

11. Enhancedcare fully performed all of its obligations under the Agent/Broker Sales Agreement at all relevant times and provided its Services to numerous clients.

12. On August 1, 2018, Enhancedcare, Inc. and "Attentive Health & Wellness, LLC" entered into an "Addendum" as an amendment of the Agent/Broker Sales Agreement. Exhibit D to the Amended Complaint [Doc.21-4] is a copy of the "Addendum."

13. In the Addendum, the parties agreed "Attentive wishes to expand the working relationship and partnership to include the enhancedcareMD services in Wellness activity nationwide and within their SuperMEC solution" and that "enhancedcare has developed a leading edge software as a service (SAAS) platform that will be used on a case-by-case basis, with the related services for clients effective August 1, 2018." [Doc.21-4, page 3]

14. In the Addendum, the parties further "agree[d] to partner using the enhancedcareMD suite of services as the operating standard for the Attentive plan nationally and move to the new software as a service (SAAS) solution for named segments of the solution on a case-by-case basis." [Doc.21-4, page 3]

15. In the Addendum, the parties agreed: "On new accounts sold by the non enhancedcareMD network in its current form (without the SAAS solution), enhancedcareMD will receive $28 pepm through the agreed ACH process stated in the revised MSA and $32 pepm for all AHW MEC clients and $34 pepm for all non MEC clients that include the new software and services (SAAS)." [Doc.21-4, page 3]

16. In the Addendum, the parties further agreed: "In non MEC sales using the new SAAS

solution enhancedcareMD will be compensated at a rate of $46.00 per month per employee (pepm) on all lives sold by enhancedcareMD's internal staff sales persons and $34 for sales from all external assigned sales staff." [Doc.21-4, page 3]

17. After the parties entered into the Addendum, some existing accounts were moved to the Enhancedcare platform/system and most new accounts developed after August 1, 2018 were placed on the Enhancedcare platform/system. Enhancedcare provided the Services for these accounts in exchange for the compensation provided in the Addendum or Sales Agreement, as applicable to the account.

18. For accounts remaining on a prior alternative platform/system or new accounts placed on the alternative platform/system, Enhanced continued to provide the Services in exchange for the compensation provided in the Addendum or Sales Agreement, as applicable to the account.

19. The Addendum had no provisions authorizing "AHW" (C & H Management Group, LLC and/or Health & Wellness, LLC) to remove any existing or new account from the Enhancedcare platform/system or to stop clients from using the services provided by Enhancedcare pursuant to the Agent/Broker Sales Agreement or the Addendum.

20. The Addendum had no provisions authorizing "AHW" (C & H Management Group, LLC and/or Health & Wellness, LLC) to stop providing Enhancedcare's compensation for "non MEC sales using the new SAAS solution" while the account was active and the Addendum was in force.

21. The Addendum also had no provisions authorizing "AHW" (C & H Management Group, LLC and/or Health & Wellness, LLC) to unilaterally stop payments to Enhancedcare arising from "new accounts sold by the non enhancedcareMD network" while the account

was active and the Addendum was in force.

22.    The parties agreed the Addendum did not change the termination provisions of the Agent/Broker Sales Agreement. [Doc.21-4, page 3]

23.    Enhancedcare fully performed all of its obligations under the Addendum at all relevant times and provided its Services to numerous clients.

24.    C & H Management Group, LLC and Attentive Health & Wellness, LLC never terminated the Agent/Broker Sales Agreement or the Addendum pursuant to the termination methods stated in Paragraph V of the Agent/Broker Sales Agreement. As of the date of this Counterclaim, the Agent/Broker Sales Agreement and the Addendum have not been terminated.

25.    Beginning in the fall of 2018 and continuing at least through June 2019 and possibly longer, C & H Management Group, LLC and/or Health & Wellness, LLC breached and continued to breach the Agent/Broker Sales Agreement and the Addendum by unilaterally transferring existing clients and accounts away from Enhancedcare to an alternative service provider, thereby depriving Enhancedcare of compensation due under the Agent/Broker Sales Agreement and the Addendum, and by directing existing clients and accounts to disregard communications and billings from Enhancedcare.

26.    As a result of these breaches, Enhancedcare has suffered significant monetary damages and lost income believed to be in excess of $200,000 per year on known accounts that were taken from Enhancedcare.  Due to the contractual requirement to provide revenue to Enhancedcare on every new account, there are additional damages that will be identified through discovery for all accounts diverted away from Enhancedcare.

WHEREFORE, Enhancedcare demands judgment against C & H Management Group, LLC and/or Health & Wellness, LLC in an amount to be determined by the trier of fact with interest, to award reasonable attorneys' fees to Enhancedcare as the prevailing party, to award its costs of this action, and to grant such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/ Scott Hetrick*

R. Scott Hetrick
ADAMS AND REESE LLP
11 North Water St., Ste.23200
Mobile, Alabama 36602
Phone (251) 650-0852
Fax (251) 650-2060
Email scott.hetrick@arlaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all parties.

*/s/ Scott Hetrick*