# EXHIBIT E

FILED: MONROE COUNTY CLERK 11/26/2019 10:28 AM
INDEX NO. E2019011206
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/26/2019

## MONROE COUNTY CLERK'S OFFICE

**THIS IS NOT A BILL. THIS IS YOUR RECEIPT.**

Receipt # 2279843

Book    Page    CIVIL

Return To:

**FRANCIS MICHAEL OSTRANDER**
1900 Bausch & Lomb Place
Rochester, NY 14604

No. Pages:  2

Instrument: EFILING INDEX NUMBER

Control #:      201911260809

Index #:      E2019011206

Date: 11/26/2019

**Enhancedcare, Inc. d/b/a enhancedcareMD**

Time: 1:38:18 PM

**Attentive Health & Wellness, LLC**
**Chaviers, David**

| | |
|---|---|
| State Fee Index Number | $165.00 |
| County Fee Index Number | $26.00 |
| State Fee Cultural Education | $14.25 |
| State Fee Records Management | $4.75 |
| | |
| **Total Fees Paid:** | **$210.00** |

Employee: JM

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

ADAM J BELLO

MONROE COUNTY CLERK



STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE

ENHANCEDCARE, INC. d/b/a  ENHANCEDCAREMD,

Plaintiff,

vs.

ATTENTIVE HEALTH & WELLNESS, LLC and
DAVID CHAVIERS, individually and d/b/a
ATTENTIVE HEALTH & WELLNESS, LLC,

Defendants.

Plaintiff designates Monroe
County as place of trial.

**Index No.:**

**SUMMONS**

Basis of venue is residence of
Plaintiff.

Plaintiff's:
1290 University Avenue
Rochester, York 14607

**TO THE ABOVE NAMED DEFENDANTS**:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: November 26, 2019

WOODS OVIATT GILMAN, LLP

By: s/:  F. Michael Ostrander
    F. Michael Ostrander, Esq.
*Attorneys for Plaintiff*
1900 Bausch & Lomb Place
Rochester, New York 14604
585.987.2800

Defendants' Addresses:
70 Grimes Drive
Guntersville, Alabama 35976

{7796627: }

Case 6:20-cv-06167-EPC-MWP Document 16-2 Filed 07/01/20 Page 5 of 15

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

ENHANCEDCARE, INC. d/b/a  ENHANCEDCAREMD,

Plaintiff,

vs.                                                          **Index No.:**

ATTENTIVE HEALTH & WELLNESS, LLC and
DAVID CHAVIERS, individually and d/b/a          **COMPLAINT**
ATTENTIVE HEALTH & WELLNESS, LLC,

Defendants.

---

Plaintiff Enhancedcare, Inc., d/b/a enhancedcareMD ("Plaintiff") by its undersigned attorneys Woods Oviatt Gilman, LLP as and for its Complaint against Defendants Attentive & Wellness, LLC and David Chaviers, individually and d/b/a Attentive Health & Wellness, LLC, (collectively "Defendants"), herein alleges as follows:

## PARTIES AND VENUE

1.      Plaintiff is a foreign business corporation, duly formed under the laws of the State of Delaware with its principal place of business located in Monroe County, New York.

2.      Upon information and belief, Defendant Attentive Health & Wellness, LLC is a foreign limited liability company formed under the laws of the State of Alabama with its principal place of business located in Guntersville, Alabama.

3.      Upon information and belief, defendant David Chaviers, individually and d/b/a Attentive Health & Wellness, LLC, is an individual residing in the State of Alabama.

{7796627: }                                                                                      1

4. On or about August 1, 2018, Plaintiff and Defendants entered into a certain Software as Service (SAAS) Partner Agreement ("Partner Agreement") which is the subject of this action.

5. David Chaviers purported to sign the Partner Agreement on behalf of Attentive Health & Wellness, LLC. However, upon information and belief, defendant Attentive Health & Wellness, LLC was not formed until on or about September 14, 2018, i.e. more than a month after the signing of the Partner Agreement. Therefore, defendant David Chaviers is named individually and d/b/a Attentive Health & Wellness, LLC, to the extent there is any question as to the parties' intention to bind Attentive Health & Wellness, LLC.

6. Venue is appropriate in Monroe County as the parties expressly agreed that all actions brought to interpret or enforce the Partner Agreement would be brought in the exclusive form of the course located in Rochester, New York. Partner Agreement §8.7.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. Plaintiff created and provides a comprehensive wellness management solution in the form of an interactive health risk assessment and health and wellness management program, including medical services and extensive coaching for end user participants, that generates reports and recommenced plans of action, as well as educational materials, based on information that an end user participant enters into the system ("Services").

{7796627: }                                                                            2

Case 6:20-cv-06617-FPG-MWP   Document 16-2   Filed 07/01/20   Page 7 of 8

8.     Upon information and belief, defendant Attentive Health & Wellness, LLC provides, among other things, employer-sponsored workplace programs that provide employees with wellness programs in connection with benefit packages provided by the employer.

9.     On or about August 1, 2018, Plaintiff and Defendants entered into the Partner Agreement pursuant to which Plaintiff agreed to provide its Services to Defendants and Defendants agreed to, among other things:

> "AHW will (a) use commercially reasonable efforts to represent and sell the Service as part of their comprehensive Wellness Solution and the  EcMD Services into the market; (b) Not defame, denigrate or otherwise discourage Clients or potential Clients in any manner regarding the Service and the EcMD Services…."
> Partner Agreement at §2.6.

10.     Plaintiff fully performed under the Partner Agreement and provided its Services to numerous Clients in accordance with the Partner Agreement.

11.     Upon information and belief, in December of 2018, Defendants breached the Partner Agreement by, among other things, contacting Clients and transferring them away from Plaintiff and to an alternate service provider.

12.     Upon information and belief, Defendants further breached the Partner  Agreement in or about June of 2019 by, among other things, contacting Clients, directing them to transfer to an alternate service provider and further directing those Clients to "disregard any future communications and billing" from Plaintiff.

{7796627: }                                                                                     3

13. The full extent of Defendants' breaches of the Partner Agreement are not known to Plaintiff but, among information and belief, Defendants continue to breach the Partner Agreement by, among other things, continuing to direct or otherwise discourage Clients and Potential Clients from using Plaintiff's Services.

14. As a result of Defendants' actions, Plaintiff has suffered significant monetary and irreparable injuries.

**AS AND FOR A FIRST CAUSE OF ACTION**

15. Plaintiff and Defendants entered into the subject Partner Agreement pursuant to which Plaintiff made its Services available and, in fact, provided Services to Clients as part of Defendants' Wellness Solution.

16. Pursuant to the express terms of the Partner Agreement, Defendants were obligated to, among other things:

> "(a) Use commercially reasonable efforts to represent and sell the Service as part of their comprehensive Wellness Solution and the EcMD Services into the market; (b) not defame, denigrate or otherwise discourage Clients and potential Clients in any manner regarding the Service and the EcMD Services...."

17. Plaintiff has fully performed all of its obligations under the Partner Agreement.

18. Defendants have breached the Partner Agreement by, among other things, discouraging Clients and potential Clients from using Plaintiffs' services and failing to use

{7796627: }

4

commercially reasonable efforts to represent and sell Plaintiff's Services as part of their comprehensive Wellness Solution.

19.     As a result of Defendants' breaches of the Partner Agreement, Plaintiff has been damaged in an amount to be determined by the trier of fact but believed to be in excess of $200,000.

20.     As a result of Defendant's breaches of the Partner Agreement, Plaintiff has also been irreparably injured and has no adequate remedy at law.

21.     By reason of the foregoing, Plaintiff is entitled to injunctive relief precluding Defendants from defaming, denigrating or otherwise discouraging Clients and potential Clients in any manner regarding the Plaintiff and Plaintiff's Services.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined by the trier of fact in this action, together with interest running from December 2018 as well as interest, cost, disbursements and attorney's fees of this action as well as such other and further relief as the Court deems just and proper.

Dated:  November 26, 2019                  WOODS OVIATT GILMAN LLP

                                           By: s/: F. Michael Ostrander
                                               F. Michael Ostrander Esq.
                                           *Attorneys for Plaintiff*
                                           1900 Bausch & Lomb Place
                                           Rochester, New York 14604
                                           585.987.2800

{7796627: }                                                              5