# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

ENHANCEDCARE, INC. d/b/a
ENHANCEDCAREMD,

Plaintiff,

vs.

ATTENTIVE HEALTH & WELLNESS, LLC, and
DAVID CHAVIERS, individually and d/b/a
ATTENTIVE HEALTH & WELLNESS, LLC

Defendants.

---

**ANSWER**
Civil Action No. 6:20-cv-06171

Defendants Attentive Health & Wellness, LLC ("Attentive") and David Chaviers, individually and d/b/a Attentive Health & Wellness, LLC ("Mr. Chaviers") (collectively "Defendants"), by and through their attorneys, Barclay Damon LLP, as and for an Answer to the Complaint (the "Complaint") hereby state as follows:

## PARTIES AND VENUE

1. Defendants deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint to the extent it states Mr. Chaviers is a natural person residing in the State of Alabama, but deny the balance of the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4, and refer to the alleged Software as Service (SAAS) Partner Agreement dated on or about August 1, 2018 (the "Partner Agreement") for its terms.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.     Defendants deny the allegations contained in paragraph 6 of the Complaint to the extent it states that venue is proper in the state courts located in Monroe County, New York, and refer to the alleged Partner Agreement for its terms.

<u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 7 of the Complaint.

8.     Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.     Defendants deny  the allegations contained in paragraph 9 of the Complaint and refer to the alleged Partner Agreement for its terms.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

<u>**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**</u>

15.      Defendants deny the allegations contained in paragraph 15, except admit the existence of the Partner Agreement, and refer to the alleged Partner Agreement for its terms.

16.     Defendants deny the allegations contained in paragraph 15, and refer to the alleged Partner Agreement for its terms.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

## GENERAL DENIAL

22.     Defendants deny each and every allegation not specifically admitted or denied herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.     Plaintiff's complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.     This Court lacks personal jurisdiction over one or both of the Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.     Plaintiff is in breach of the Partner Agreement and other agreements between the parties, and as such, cannot maintain this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.     Plaintiff failed to meet conditions precedent with respect to its obligations under the Partner Agreement and other agreements between the parties, and as such, cannot maintain this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred as they were compulsory counterclaims, which Plaintiff waived by failing to interpose them in Civil Action No. 4:19-cv-01066 pending between the parties pending in the Northern District of Alabama, Middle Division.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30.     The first-to-file rule requires this Court to transfer this matter to the United States District Court for the Northern District of Alabama, Middle Division to be consolidated with Civil Action No. 4:19-cv-01066, an action filed by Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31.     Plaintiff is bound by forum selection provisions in several agreements between the parties not addressed in the Complaint designating that the claims at issue in the Complaint are to be litigated in Etowah County, Alabama or the United States District Court, Northern District of Alabama. Plaintiff's Complaint should be dismissed and/or transferred as a result of these forum selection provisions and/or *forum non conveniens*.

## JURY DEMAND

Defendants hereby demand a jury trial as provided by Federal Rules of Civil Procedure Rule 38 as to all issues or claims for which a jury trial is allowed.

WHEREFORE the Defendants demand judgment dismissing the Complaint in its entirety, with prejudice, together with costs and disbursements, along with other, further relief as this Court deems just and proper.

Dated: March 26, 2020                    **BARCLAY DAMON LLP**

By  /s/ David G. Burch, Jr.  _____
David G. Burch, Jr.
Anneliese R. Aliasso
125 East Jefferson Street
Syracuse, New York 13202
Tel: (315) 425-2700
dburch@barclaydamon.com
aaliasso@barclaydamon.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications to all counsel who have an appearance in this action.

/s/ David G. Burch, Jr.

David G. Burch, Jr.
