**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ENHANCEDCARE, INC. d/b/a
ENHANCEDCAREMD,

            Plaintiff,

  vs.                                   Civil Action No.  6:20-cv-06171
ATTENTIVE HEALTH & WELLNESS, LLC, and
DAVID CHAVIERS, individually and d/b/a
ATTENTIVE HEALTH & WELLNESS, LLC

            Defendants.

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u><br><u>MOTION FOR JUDGMENT ON THE PLEADINGS, TRANSFER, OR STAY</u>

Defendants Attentive Health & Wellness, LLC ("Attentive") and David Chaviers ("Mr. Chaviers") (collectively "the Attentive Parties" or "Defendants") hereby submit the following Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, Transfer, or Stay. The allegations in the Complaint are duplicative of ecMD's compulsory counterclaim in a prior pending action in the Northern District of Alabama, requiring dismissal, transfer, or stay based on the first-to-file rule.

### SUMMARY OF ARGUMENT

Plaintiff EnhancedCare, Inc. d/b/a EnhancedCareMD ("ecMD") filed its Complaint on November 26, 2019 in the New York State Supreme Court, Monroe County. On March 19, 2020, Defendants removed the action to this Court on diversity jurisdiction grounds. In the Complaint, EnhancedCareMD alleges that it entered a Software as Service (SAAS) Partner Agreement ("Partner Agreement") with Defendants on August 1, 2018, and that Defendants breached the Partner Agreement by steering clients toward an alternate service provider.

Before ecMD filed its Complaint, Attentive filed an action against it on July 9, 2019 in the Northern District of Alabama, Middle Division, Civil Action No. 4:19-cv-01066 ("Alabama Action"), seeking injunctive and compensatory relief pertaining to the same business relationship at issue in this action ("New York Action"). The parties and the subject matter of both actions, *i.e.*, allegations pertaining to breach of the contracts at issue, tortious interference, and intellectual property rights, substantially overlap. Further, Plaintiff has filed a compulsory counterclaim in the Alabama Action that is duplicative of the New York Action. Based on the first-to-file rule, this action is due to be dismissed, transferred to the Northern District of Alabama, or stayed.

**FACTS**

As all attached to the Declaration of David G. Burch, Jr. ("Burch Decl."), the facts relevant to the disposition of this Motion can be gleaned from the first-filed Complaint (Ex. A) and subsequent Amended Complaint (Ex. B) in the Alabama Action, briefing on ecMD's Motion to Dismiss the Alabama Action (Ex. C), the later-filed Complaint in the New York Action (Ex. E), ecMD's Answer to the Amended Complaint and Counter-Claim in the Alabama Action (Ex. D), and Defendants' Answer to the Complaint in the New York Action (Ex. F).

**I.      The Parties' Business Relationship and its Termination**

Attentive is in the business of self-insured group wellness and limited medical plans and related services.  (Burch Decl. at Ex. B, ¶ 10).  Attentive offers its clients a unique wellness program that focuses on the benefits of a participatory group wellness plan with an employer-sponsored medical plan. (*Id.*) Attentive's program and certain plan documents are copyrighted, and because of the nature of its plan, the program and materials are confidential trade secrets. (*Id.* ¶¶ 11, 37.)

On June 1, 2017, Attentive and ecMD formally began their business relationship by

entering into an "Agent/Broker Sales Agreement" (hereafter, "Sales Agreement") wherein ecMD would market Attentive's unique wellness program through ecMD's sales platform. (*Id.* ¶ 14.) In conjunction with the Sales Agreement, ecMD agreed to a "Confidentiality, Non-Competition and Non-Disclosure Agreement" (the "Non-Competition Agreement") (*Id.* ¶ 15.)

Approximately one year after the Parties executed the Sales Agreement and Non-Competition Agreement, ecMD approached Attentive with a new software platform allegedly developed by ecMD to streamline its suite of services. (*Id.* ¶ 18.) Attentive contracted to use this service on a "case-by-case basis" through an Addendum to the Agent/Broker Sales Agreement ("Addendum") and Software as a Service (SAAS) Partner Agreement. (*Id.*). The Addendum to the Sales Agreement includes terms pertaining to the Partner Agreement and the Sales Agreement. (*Id.* at Doc. 21-4.) The Sales Agreement, Non-Competition Agreement, and the Addendum contain or incorporate Alabama forum selection clauses, while the Partner Agreement contains a New York forum selection clause (*Id.* at Doc. 21-1, § V.II.; Doc. 21-2, § 8; Doc. 21-4, p. 2; Doc. 21-5, § 8.7.)

Thereafter, ecMD and the individual defendants in the Alabama Action began steering Attentive's customers from the Attentive program to ecMD's program, which was actually Attentive's proprietary wellness program merely repackaged under ecMD's name. (*Id.* ¶¶ 19-20.) ecMD's actions ultimately led to a dissolution of the Parties' business relationship. (*Id.* ¶¶ 24-25.) ecMD has alleged in both the New York Action and its counterclaim in the Alabama Action that Attentive steered customers from its wellness platform in violation of the Addendum and Partner Agreement. (Burch Decl. at Ex. E ¶¶ 12, 18; Burch Decl. at Ex. D ¶¶ 25).

## II.    The Two Actions

The Alabama Action is broad, pertaining to all of the agreements between the Parties and also including tort claims and a claim for copyright infringement. The New York Action is styled as an action for breach of the Partner Agreement, but the claims and defenses necessarily pertain to the actions of the Parties forming the basis of the Alabama Action.

Attentive initiated the first action between the parties on July 9, 2019 in the Northern District of Alabama. (*See generally* Burch Decl. at Ex. A). The New York Action was filed on November 26, 2019. (*See generally* Burch Decl at Ex. E).  On May 18, 2020, ecMD filed an Answer and Counterclaim in the Alabama Action based on substantially the same alleged facts as the Complaint in the New York Action (*See generally* Burch Decl. at Ex. D.)

ecMD and Attentive, the lead Plaintiff/Defendants, are parties in both actions, and the additional parties in each action are closely related to either ecMD or Attentive. David Chaviers, who is a defendant in the New York Action but not a party to the Alabama action is named based on his signature in the subject contracts. (Burch Decl. at Ex E ¶ 6).  C & H Management Group, LLC d/b/a Attentive Health & Wellness, a party to the Alabama action but not the New York action, previously did business under the name "Attentive Health & Wellness" and has assigned its rights under the subject contracts to Attentive Health & Wellness, LLC. (Burch Decl. at Ex. B ¶ 2). The individual defendants in the Alabama Action who are not parties to the New York Action are individual officers of ecMD. (Burch Decl. at Ex. C at 4).

## ARGUMENT

### The New York Action Should be Dismissed, Transferred or Stayed Based on the First-to-File Rule.

The Alabama Action was filed in July 2019, while the New York Action was filed in November 2019, making the Alabama Action the first-filed. Under the first-to-file rule, "in

determining the proper venue, where there are two competing lawsuits, the first suit should have priority." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks and citation omitted). The rule provides a "general presumption" that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*, 666 F.Supp.2d 366, 369 (S.D.N.Y.2009) (citing *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989)). The first-to-file rule applies when there is substantial overlap between the two competing cases in that they have "'identical or substantially similar parties and claims.'" *See Williams Advanced Materials, Inc. v. Target Tech. Co., LLC*, No. 03-CV-276-A, 2007 WL 2245886, at *4 (W.D.N.Y. Aug. 1, 2007) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir. 1992)).

A.    The First-to-File Rule is Applicable Due to the Substantial Overlap Between the Claims and Parties in the New York and Alabama Actions, Including a Pending Counterclaim Duplicative of This Action.

The first-to-file rule applies here based on the substantial overlap between the parties and claims. Indeed, a nearly identical claim to the one brought in this action has been brought as a compulsory counterclaim in the Alabama action, and the lead parties, Attentive and ecMD, are parties to both actions.

Where a second suit involves a claim that is or could be a compulsory counterclaim in a first-filed suit, transfer, stay, or dismissal of the second-filed action is appropriate so that the same claims are not simultaneously proceeding in two federal courts. *See Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own

proceeding.") (internal quotation marks and citation omitted); *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202 (2d Cir. 1970) (situation where second action duplicative of counterclaim in pending federal action is filed is the "perfect one" for enjoining proceedings in second action); *Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, No. 5:12-CV-1766 LEK/ATB, 2013 WL 4805801, at *4 (N.D.N.Y. Sept. 9, 2013) (citing *Inforizons, Inc. v. VED Software Servs., Inc.,* 204 F.R.D. 116, 118 (N.D.Ill.2001) ("[I]n the interests of judicial administration, a court will generally either stay its own proceedings or dismiss an action once it learns that the action before it involves a claim that is properly characterized as a compulsory counterclaim in another pending federal action or is duplicative of parallel action already pending in another federal court." (citation omitted)).

The allegations forming the basis of the New York Action are duplicative of ecMD's counterclaim in the Alabama Action and constitute a compulsory counterclaim in the Alabama Action such that dismissal, transfer, or stay is required to prevent duplicative litigation. ecMD's Complaint in this Action ostensibly involves only the Partner Agreement, while ecMD references the Sales Agreement and its Addendum in the Alabama Action's counterclaim. The Partner Agreement and its alleged breach, however, are inextricably linked with the Parties' other contracts, and in particular with the Addendum, along with ecMD's conduct forming the basis of the Alabama Action. The Partner Agreement and the Addendum were executed on the same date, August 1, 2018. (Burch Decl. Ex. B, at 21-5, 21-6.) Both agreements address the use of the SAAS wellness platform. (*See generally id.*) The SAAS references the Sales Agreement (thereby referencing the Addendum). (Burch Decl. at Ex. B, at 21-5, ¶ 2.2.) It is clear from the agreements that the issues implicated are intertwined, but ecMD is cherry picking from these agreements to pursue certain aspects of its claims in New York and others in Alabama.

The facts forming the basis of ecMD's claims are also intertwined as shown by the nearly identical language used in the New York Complaint and Alabama Counterclaim. The New York Complaint alleges that Attentive breached the Partner Agreement by "contacting Clients and transferring them away from Plaintiff to an alternate service provider" (Burch Decl. at Ex. E. ¶ 12) while the Alabama counterclaim alleges that during the same time frame, Attentive began "unilaterally transferring existing clients and accounts away from Enhancedcare to an alternative service provider" (Burch Decl. at Ex. D, ¶ 25). The New York Complaint alleges that Attentive was "directing . . . Clients to 'disregard any future communications and billing' from [ecMD]" (Burch Decl. at Ex. E, ¶ 12) while the Alabama counterclaim alleges Attentive "directing existing clients and accounts to disregard communications and billings from Enhancedcare" (Burch Decl. at Ex. D, ¶ 25). Further, both the New York Complaint and Alabama Counterclaim seek upwards of $200,00 in damages. (Burch Decl. at, ¶ 19; Burch Decl. at Ex. D, ¶ 26). The New York Complaint and Alabama counterclaim may ostensibly rely on different (though intertwined) agreements, but they rely on the same alleged conduct of Attentive to form the basis of their cause of action. If the two actions were to proceed separately, Attentive would be defending against the same conduct simultaneously in two forums.

In addition to the duplicative compulsory counterclaim asserted by ecMD, the claims and defenses of the Parties show the substantial overlap between the Alabama and New York Actions. Even without the benefit of discovery, the few pleadings and motions in the two actions evidence their interconnectivity: (1) ecMD attached the Partner Agreement (which forms the basis of the New York Action) to its Motion to Dismiss in the Alabama Action, recognizing its relevance to Attentive's claims (Burch Decl. at Ex. C at 5); (2) Attentive's defenses in the New York Action depend not only upon the Partner Agreement, but on the other agreements between the parties and

on ecMD's actions (Burch Decl. at Ex. F ¶¶ 25-28); and (3) the Alabama Action's Amended Complaint references the Partner Agreement, in addition to the Sales Agreement, its Addendum, and the Non-Competition Agreement (Burch Decl at Ex. B).

Both actions will require discovery and determination of the essential facts of the parties' full business relationship, their contractual agreements and expectations, and the actions taken by both ecMD and Attentive. There will also be common questions of law. For example, determining whether there was a breach of the Partner Agreement for purposes of the New York action will depend not only on the Court's interpretation of the Partner Agreement, but also on the Addendum (and the Sales Agreement it modifies) which are subjects of the Alabama Action. In other words, the full scope of the parties' business relationship, including all agreements between the parties, are at the heart of both actions. If the actions were to proceed separately, the Parties' and Courts' resources would be wasted while duplicitous discovery is exchanged, different factfinders seek to resolve the same questions, and questions of contract interpretation are resolved by two different courts.

The questions of fact and law at issue in these two cases are inextricably intertwined. Under the first-to-file rule, because the Alabama Action was filed months before the New York Action, it has priority in these competing lawsuits.

B.     This Action Should Be Transferred or Dismissed in Favor of Resolution of the Overlapping Claims in the Northern District of Alabama.

Application of the first-to-file rule to this matter warrants transfer or dismissal of the New York Action in deference to the Alabama Action, where ecMD's breach of contract claim may be consolidated with the substantially overlapping claims and counterclaims in Alabama. To overcome the first-to-file presumption, ecMD must show that either of the two exceptions to the first-to-file rule, "special circumstances" or "balance of convenience" favoring the second-filed

action justify departure from the first-to-file rule. *Employers Ins. of Wausau v. Fox Entm't Grp.*, Inc., 522 F.3d 271, 275 (2d Cir. 2008). The "special circumstances" exception is "quite rare" in the Second Circuit and has been found where an "improper declaratory judgment action" or "forum shopping *alone* motivated the choice of the situs for the first suit" require that the first-filed rule does not apply. *Id.* at 276. Here, the Alabama Action is not a declaratory judgment action, and Plaintiffs' business is based in Alabama such that forum shopping was not their motivation for filing there.

The Second Circuit has held, "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* The factors to be considered are as follows: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties. Witnesses and documents relevant to the claims and defenses in these actions are located in both New York and Alabama, and the convenience factors provide no reason to depart from the first-to-file rule.[1]

Second, the consensus of the forum selection clauses weighs in favor of trying these related actions in the Northern District of Alabama. As the Supreme Court has held, "a forum-selection clause may be enforced by a motion to transfer under § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013). Of the Sales Agreement and its Addendum, Non-Compete Agreement, and Partner Agreement, only the Partner Agreement contains a New York forum selection clause.[2] The remaining agreements having a substantial

---

[1] ecMD has availed itself of the Alabama court by asserting a counterclaim. (*See generally* Ex. D).

[2] The Addendum does not contain an independent forum selection clause but instead incorporates the terms of the

impact on the New York Action contain Alabama forum selection clauses. Further, although the Partner Agreement contains a New York forum selection clause, the Addendum which directly pertains to the Partner Agreement and incorporates the Alabama forum selection clause of the Sales Agreement were signed on the same date. There is no reason for the Partner Agreement's forum selection clause to cause a departure from the first-to-file rule or the consensus of the other pertinent agreements given the strong reasons to consolidate these actions for judicial economy, conservation of the parties' resources, and the need for consistent findings of facts and judgments. The first-to-file rule applies, and the New York Action's breach of contract claim should be resolved in Alabama.

      C.      <u>If This Action is Not Dismissed or Transferred, It Should Be Stayed in Favor of the Alabama Court's Resolution of the First-To-File Rule.</u>

Some courts have determined that the first-to-file rule not only determines which court decides the merits of substantially similar cases, but it also determines which court decides the appropriate forum. *See Constellation Leasing, LLC v. Oxford Aviation, Inc.*, No. 08-CV-6558, 2010 WL 1323566, at *3 (W.D.N.Y. Mar. 29, 2010) (recognizing that "[s]ome courts have held that the determination on the application of the first-to-file rule should be made by the district court in which the first-filed case resides" but deciding on other grounds) (citations omitted); *MSK Ins., Ltd. v. Emp'rs Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) (describing the "bright-line rule" that "[t]he court before which the first-filed action was brought determines which forum will hear the case.").

The Alabama Action is the first-filed of these two substantially overlapping actions. Accordingly, if the Court is not inclined to dismiss or transfer this case, it should, at a minimum, stay these proceedings and allow the first-filed Court, the Northern District of Alabama, to decide

---

Sales Agreement (which contains an Alabama forum selection clause) to the extent not addressed in the Addendum.

whether consolidation is appropriate under the first-to-file rule and the proper venue for a consolidated proceeding.

## CONCLUSION

There is substantial overlap between ecMD's breach of contract claim in this action and the claims and defenses, including ecMD's compulsory counterclaim in the Alabama Action. As such, the first-to-file rules applies, giving the Alabama Action priority. This Court should dismiss or transfer this Action for consolidation with the pending Alabama. Action. Alternatively, this Court should stay this Action to allow the Northern District of Alabama to determine application of the first-to-file rule and/or forum selection clauses.

Dated: July 10, 2020

**BARCLAY DAMON LLP**

By: _/s/ Anneliese R. Aliasso_____
    David G. Burch, Jr.
    Anneliese R. Aliasso
125 East Jefferson Street
Syracuse, New York 13202
Tel: (315) 425-2700
dburch@barclaydamon.com
aaliasso@barclaydamon.com